IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM L. WOODS,

    Plaintiff,

      v.

WAL-MART TRANSPORTATION,
LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:20-CV-3977-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendants' Motion for Partial Summary Judgment [Doc. 31]. For the reasons set forth below, the Defendants' Motion for Partial Summary Judgment [Doc. 31] is GRANTED.

    **I.    Background**

On September 26, 2018, the Plaintiff William Woods was driving in a Sam's Club parking lot when he allegedly collided with a tractor-trailer owned by Defendant Wal-Mart Transportation, LLC ("Wal-Mart") and operated by Defendant Stephen Cronk (collectively, the "Defendants"). (Compl. ¶¶ 11-17.) A police report of the incident explains that

> [Cronk] said he missed his turn and started backing up. He said he did not see [Woods] and hit him. [Woods] stated he was behind [Cronk] heading east in the parking lot. [Woods] stated when [Cronk] started backing up he honked his horn and [Cronk] hit

him pushing him back while he locked the brakes. [Woods] stated he felt a little dizzy and was asked if he need [sic] medical attention. [Woods] refused medical attention.

(Pl.'s Br. in Opp'n to Defs.' Mot. for Partial Summ. J., Ex. A at 2.) The report lists the contributing factor of the alleged collision as "improper backing." (Pl.'s Statement of Additional Undisputed Material Facts ¶ 3.) At least since the start of this lawsuit, Cronk has denied making any impact with the Plaintiff's vehicle, and a photograph taken immediately after the incident shows no exterior damage to the Plaintiff's vehicle except for pre-existing white duct tape on the bumper. (Def.'s Statement of Undisputed Material Facts ¶ (b)-(d).)



2

The Plaintiff originally filed this action in state court alleging that he was personally injured in the accident as a result of the Defendants' negligence. (Compl. ¶ 1.) He asserts separate claims for negligence against Cronk and Wal-Mart, a claim for vicarious liability against Wal-Mart, and seeks punitive damages and litigation expenses as well as damages for physical injuries, medical expenses, and other related expenses. The Defendants removed the case to this Court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, and now move for summary judgment as to Count Five of the Complaint for litigation expenses, arguing that they have not acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense as a matter of law. (Defs.' Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 2.)

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

The Defendants move for summary judgment only as to the Plaintiff's claim for litigation expenses. (Compl. ¶¶ 35-40.) Under O.C.G.A. § 13-6-11,

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

The three conditions for recovering litigation expenses under this statute are disjunctive; that is, "the plaintiff may show that any one of the three conditions exists—bad faith, stubborn litigiousness, or unnecessary trouble and expense." *Sims v. G.T. Architecture Contractors Corp.*, 292 Ga. App. 94, 96 (2008). Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally, but not always, questions for the jury to decide. *City of Lilburn v. Astra Grp., Inc.*, 286 Ga. App. 568, 570 (2007). "[W]hen the evidence shows the existence of a genuine factual or legal dispute as to liability, the amount of damages, or any comparable issue, then attorney fees are not authorized." *Wilkinson Homes, Inc. v. Stewart Title Guar. Co.*, 271 Ga. App. 577, 583 (2005); *see also David G. Brown, P.E., Inc. v. Kent*, 274 Ga. 849, 850 (2002) ("[S]tatutory recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if there exists no bona fide controversy or dispute regarding liability for the underlying cause of action.")

4

The Plaintiff contends that the stubborn litigiousness and unnecessary trouble and expense prongs are satisfied in this case because there is no bona fide controversy as to the Defendants' liability for the alleged collision. (Pl.'s Br. in Opp'n to Defs.' Mot. for Partial Summ. J., at 6-8.) The sole evidence offered for this claim is "Cronk's current assertion that no impact occurred, despite knowing and having admitted the opposite immediately following the wreck." (*Id.* at 6 (emphasis omitted).) According to the aforementioned police report, "[Cronk] said he missed his turn and started backing up. He said he did not see [Woods] and hit him." (Pl.'s Br. in Opp'n to Defs.' Mot. for Partial Summ. J., Ex. A at 2.) However, the Court determines based on other evidence that there remains a genuine factual and legal dispute on the issue of liability. Throughout this litigation, Cronk has denied that there was any impact with the Plaintiff's vehicle, and he now submits a photograph and the Plaintiff's deposition testimony to support that the Plaintiff's vehicle suffered no damage in the incident.[1] (Defs.' Statement of Undisputed Material Facts ¶¶ (a)-(d).)

While the Plaintiff rests his entire case for litigation expenses on the police report, the statements made therein are not conclusive as to whether

---

[1] During his deposition, the Plaintiff was unable to point out any exterior damage on the post-collision photograph that could have been caused by Cronk's tractor-trailer. The white duct tape visible in the photograph was covering a pre-existing "black area" on the vehicle's bumper, but otherwise, the Plaintiff only referenced possible "cracks" from the alleged accident that he could not describe or locate with any specificity. (Woods Dep. at 47:9-50:11.)

5

Cronk's tractor-trailer in fact made contact with the Plaintiff's vehicle, or whether Cronk was at fault in the event of a collision. Rather, the Defendants may (and do) controvert or explain the police report's findings with their own evidence, and Cronk has consistently "denie[d] there was a wreck" in response to the Plaintiff's admission requests, interrogatories, and deposition questions. (*E.g.*, Def. Cronk's Resp. to Pl.'s Reqs. for Admis. ¶¶ 6-15.) Moreover, the Defendants' Answer and brief raise a number of valid reasons to question the Plaintiff's claims. For example, the Defendants assert that they did not breach a duty owed to the Plaintiff; they were not the proximate cause of the Plaintiff's alleged injuries; and the Plaintiff's claims may be barred or reduced by his contributory or comparative negligence. (Answer at 1-2.) *See Brown v. Baker*, 197 Ga. App. 466, 469 (1990) (denying litigation expenses where a bona fide controversy existed "as to whether the collision was caused by the negligence of appellant or the negligence of appellee or the negligence of both"). The Plaintiff has also agreed to voluntarily dismiss two of his five claims—for direct negligence as to Wal-Mart and for punitive damages. (Defs.' Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 2 n.3.)

In similar vehicular collision cases, Georgia courts have authorized claims for litigation expenses where the evidence "not only demonstrated the absence of a bona fide controversy, but also showed an utter refusal on the part of the defendant to resolve the matter without resort to litigation." *Brown*, 197 Ga. App. at 469. In *U-Haul Co. of Western Georgia v. Ford*, 171 Ga. App. 744,

746 (1984), the defendant refused to respond to the plaintiff's phone calls or letter about her car damage and then sent a check directly to the plaintiff with a waiver of all her claims, even though it knew that she was represented by counsel. And in *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (1972) the defendant cab company repeatedly offered to fix the plaintiff's car after an accident with its driver, who pleaded guilty for following too close in traffic court. But when the car sat untouched at the cab company's premises for three days, the plaintiff had it repaired at her own expense. At trial, the cab company made no attempt to dispute liability for the collision or the amount of damages to the car. The court, criticizing what it termed a "'so sue me' ploy," reasoned that "[a] defendant without a defense may still gamble on a person's unwillingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing." *Id.* at 524-25.

By contrast, the Defendants here have mounted a legitimate defense to the Plaintiff's claims on the issues of liability and damages, and according to the pleadings and the evidence, they have not engaged in the sort of deceitful, post-collision maneuvers that warranted an award of attorney fees in *U-Haul Co.* and *Buffalo Cab Co. See Brown*, 197 Ga. App. at 469 (holding settlement offers that were unreasonably low in the plaintiff's opinion, do not on their own demonstrate stubborn litigiousness). Accordingly, the Defendants are entitled to summary judgment on the Plaintiff's claim for litigation expenses under O.C.G.A. § 13-6-11.

## IV.  Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment [Doc. 31] is GRANTED.

SO ORDERED, this <u>  11th  </u> day of March, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge